UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert O'Toole,

        Plaintiff,

                                  ORDER
v.                                    Civil No. 98-582(MJD/JGL)

Employee Health Care Plan of
Lupient Enterprises,

        Defendant.

---

       Plaintiff was employed as a Finance and Insurance Manager for Jim Lupient Oldsmobile Company ("Lupient Olds") from April 1994 to approximately February 18, 1997. On or about February 18, 1997, Plaintiff became employed by Saturn of Bloomington, Inc. ("Saturn") as a Financial Consultant. Jim Lupient is the primary principal of both Lupient Olds and Saturn, yet the two companies are separate corporate entities. The Defendant Employee Health Care Plan of Lupient Enterprises (the "Plan") is the entity designated as the administrator of the benefits plan for employees of both Lupient Olds, Saturn, and other companies.

       There is no dispute that the last day Plaintiff actually worked at Saturn was April 18, 1997. Plaintiff received his final payroll check in the amount of $12,000 on May 8, 1997, which Plaintiff cashed the next day. Furthermore, on a subsequent job application that Plaintiff completed in June 1997, Plaintiff indicated in his own handwriting that he left employment with the Jim Lupient Automotive Group by mutual agreement in April 1997. Nevertheless, the parties dispute when Plaintiff's termination was effective. The Plan

1

FILED_____ FEB 2 2 2000

FRANCIS E. DOSAL, CLERK

JUDGMENT ENTD_ FEB 2 2 2000

DEPUTY CLERK_____

asserts that Saturn paid for Plaintiff's benefits through the end of April 1997 and processed his termination effective April 30, 1997.  B. Lupient Dep. 108-109.  The Plan sent Plaintiff a form, in accordance with COBRA, on May 13, 1997.  By this form, Plaintiff was to elect to continue health care coverage on an individual or family basis.  Ex. 2. Plaintiff's wife received the form in the mail while Plaintiff was on a camping trip.  B. O'Toole Dep. p. 10-11.  She filled out and signed the form on May 19, 1997, electing to continue family coverage, the morning before she underwent surgery.  Id. 11, 13, 14.  Thereafter, Plaintiff had 45 days to pay for coverage for the month of May.  Plaintiff sent in the first premium check on May 30, 1997.

The Plan instituted family coverage retroactive to May 1, 1997.  See Plan, Ex. 6 at p. 52 (coverage "is effective retroactively to the date coverage would otherwise have been terminated")  The Plan covered all costs associated with Plaintiff's wife's surgery in May of 1997.

In the beginning of June, the election form was returned to Plaintiff to allow Plaintiff to sign the form and to clarify that he was electing family coverage.  The due date for Plaintiff's June 1997 premium was June 1, with a 30-day grace period under the Plan. Plaintiff sent the second premium check, dated June 17, 1997, to the Plan.  The Plan processed the check twice, and it was returned both times for insufficient funds. Thereafter, the Plan canceled Plaintiff's health insurance coverage effective May 30, 1997. Because of this cancellation, Plaintiff has incurred health care costs of approximately $23,245, as a result of his son being injured in an accident in June 1997.

Thereafter, Plaintiff commenced this action under the Consolidated Omnibus Budget

2

Reconciliation Act ("COBRA"), seeking money damages.  Plaintiff asserted claims for violation of COBRA, violation of state law, breach of contract and intentional and negligent breach of duty. Initially, Plaintiff brought suit against Jim Lupient Olds. Thereafter, Plaintiff sought to amend the complaint to properly name the entities that have administrative duties with respect to the plan and to revise the amount of damages arising from unpaid medical expenses.  By Order dated December 14, 1998, Magistrate Judge Jonathan Lebedoff granted Plaintiff's motion.  The Court approved a stipulation of the parties on February 16, 1999, in which the parties agreed, among other things, that Health Care Plan of Lupient Enterprises ("the Plan") would be substituted as the sole party defendant in this matter, defendant Jim Lupient Olds would be dismissed as defendant, counsel for Jim Lupient Olds would represent the Plan and accept service of an Amended Complaint naming the Plan as the sole defendant, and Plaintiff's claim would be limited to claims only for unreimbursed health care expenses plus costs and attorneys' fees, brought under theories of breach of the federal COBRA statute, common law promissory estoppel and include a claim that the Plan was drafted in violation of COBRA.  Defendant maintains that Plaintiff failed to serve a timely Amended Complaint, and indeed, only did so after Defendant filed its summary judgment motion, nearly two months after the parties signed the stipulation agreement.  Defendant also asserts that the Amended Complaint violates the stipulation agreement because it includes claims that the parties agreed to dismiss.

This matter is currently before the Court on the parties' cross motions for summary judgment.  Summary judgment is appropriate if the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact

and that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 249-250 (1986); <u>Unigroup, Inc. V. O'Rourke Storage & Transfer Co.,</u> 980 F.2d 1217, 1219-20 (8th Cir. 1992); <u>Aucutt v. Six Flags Over Mid-America, Inc.,</u> 85 F.3d 1311, 1315 (8th Cir. 1996).

Even assuming that Plaintiff cured its failure to timely serve an Amended Complaint on Defendant, no genuine issues of material fact exist to avoid summary judgment on Plaintiff's claim that Defendant failed to properly provide his family with COBRA benefits for the month of June 1997. Plaintiff asserts that several factual disputes exist with respect to whether (1) he was actually terminated on April 21, 1997; (2) he actually elected COBRA coverage on May 19, 1997; (3) he was covered under his regular employee health plan in May and even needed COBRA coverage during May; (4) the Plan properly required the June premium by June 30, 1997; and (5) Plaintiff did not make a "valid" payment by June 30, 1997. Nevertheless, the undisputed facts of record show that Plaintiff did not show up for work or perform any service for any Lupient company after April 18, 1997. Plaintiff himself identified his separation date from Lupient as April 1997 in a subsequent job application. Plaintiff's wife elected COBRA coverage on May 19, 1997, and Plaintiff sent the family's first premium on May 30, 1997. The Plan covered all the expenses of Plaintiff's wife's operation in May 1997. Plaintiff tendered payment to cover the June premium on June 17, 1997, but Plaintiff's June check bounced twice. Based on the foregoing, the Court finds no genuine issue of material fact to suggest that Defendant failed to properly provide Plaintiff's family with COBRA benefits for the month of June 1997. With respect to

Plaintiff's promissory estoppel claim, to the extent that it is even properly before this Court, the Court finds that the claim is preempted by ERISA.  See Kuhl v. Lincoln Natl. Health Plan, 999 F.2d 298, 301 (8th Cir. 1993), cert. denied, 510 U.S. 1045 (1994).

Based on all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT

Defendant's motion for summary judgment is GRANTED, and Plaintiff's motion for summary judgment in its favor is DENIED.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: *Feb. 22, 2000*

Michael J. Davis
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1.  Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2.  Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3.  Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4.  Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.